**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorney for Plaintiff
KENARD THOMAS

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

KENARD THOMAS,

    Plaintiff,

vs.

COUNTY OF SACRAMENTO; SCOTT JONES; and NICHOLAS RUSSELL,

    Defendants.
_____/

NO.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND STATE LAW [42 U.S.C. § 1983 - Excessive Force; Monell Liability; Negligence, Battery; Bane Act]**

**JURY TRIAL DEMANDED**

    Plaintiff complains and alleges as follows:

### I. JURISDICTION

1.   This complaint seeks damages and attorney's fees pursuant to Title 42 U.S.C. sections 1983 and 1988, for the violation of plaintiff's civil rights. Jurisdiction is founded upon Title 28 U.S.C. sections 1331 and 1343. This court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. section 1367.

### II. VENUE

2.   Plaintiff's claims alleged herein arose in the City and County of Sacramento, California. Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).

### III. INTRODUCTION

3. This is a federal civil rights action with supplemental state law claims arising from the unlawful and unjustified shooting of Kenard Thomas, an unarmed black, male adult. Thomas was shirtless at the time and holding only a disposable lighter. No reasonable officer could have confused the disposable lighter for a firearm or any other type of weapon.

### IV. PARTIES

4. During all times mentioned in this Complaint, plaintiff Kenard Thomas was, and is, a United States citizen and is a resident of the County of Sacramento, California.

5. Defendant County of Sacramento is a public entity within the definition of California Government Code section 811.2. Pursuant to California Government Code section 945, public entities are subject to suit. Defendant County of Sacramento operates and manages the Sacramento County Sheriff's Department.

6. Defendant Scott Jones is the Sheriff of the County of Sacramento. At all relevant times he was acting within the course and scope of his position and under color of state law. Jones is being sued in his individual and official capacity.

7. Defendant Nicholas Russell (Badge #1258) was employed by the County of Sacramento as a Sacramento County Sheriff's Department Deputy. At all relevant times he was acting in the course and scope of that employment and under color of state law. Russell is being sued in his individual capacity.

### V. EXHAUSTION OF GOVERNMENT TORT CLAIM PROCEDURES

8. Plaintiff filed a timely government tort claim with the County of Sacramento as a prerequisite to the state law claims alleged herein.

9. That claim was filed on November 9, 2017, and has been acknowledged but not acted upon by the County of Sacramento. As more than 45 days have passed since the filing of the claim, that claim may be deemed rejected by operation of law.

### VI. FACTUAL ALLEGATIONS

10. Plaintiff Kenard Thomas is a dark-skinned, black male who, at the time of this incident, stood 5'9" tall and weighed approximately 160 pounds.

11. On the evening of June 13, 2017, at approximately 8:00 p.m., Thomas was at an apparently unoccupied residence on 53rd Avenue in Sacramento when multiple Sacramento County deputies came to that address to contact him. On information and belief, the deputies were responding to a call from Thomas's former girlfriend, who had called regarding her belief that Thomas had violated a restraining order.

12. When the deputies arrived, Thomas retreated to a closet in an attempt to avoid being arrested.

13. The deputies called out that a police dog would be deployed if Thomas did not promptly come out of hiding and surrender.

14. In response to that order, Thomas began to exit the closet. Before Thomas had taken two steps, he was immediately shot by Deputy Russell one time in the upper right arm with a 9 mm. round fired from a Glock 17 semi-automatic handgun.

15. At the time Russell fired the shot, Thomas was shirtless, unarmed, and was not engaging in any assaultive or threatening behavior. He had a plastic disposable lighter which was clearly visible in his hand. It was obvious that Thomas did not pose a risk of harm to any person present.

16. Thomas was taken by ambulance to Kaiser South hospital for treatment of the gunshot wound to his upper right arm.

17. As a result of the shooting, Thomas has suffered significant pain and suffering, permanent disfigurement, loss of use and neurological damage that has prevented and interfered with the use of his arm.

18. The District Attorney did not file *any* criminal charges against Thomas in connection with the shooting.

19. Instead of disciplining Russell, Defendant Jones specifically approved, tolerated and/or ratified his conduct in shooting Thomas by explicitly deciding that the shooting was reasonable, justified and within policy. The Sacramento County Sheriff's Department, under Jones, has never found fault with any deputy for intentionally shooting anyone.

20. During the seven-plus years that Jones has been Sheriff, approximately a dozen unarmed individuals have been shot by deputies. As to every single intentional officer-involved shooting during that time, Jones has determined that the officer(s) acted properly and that the shooting was consistent with the department's policies.

21. Sheriff Jones has testified under oath that he gets a full briefing on and reviews every officer-involved shooting.

22. In regard to this case, on information and belief, Jones discussed this shooting with the Sheriff's Department Inspector General. Jones then personally ratified the unconstitutional shooting when, as a member of the Sheriff's Department's Executive Committee, he approved of the shooting as proper and consistent with department policy.

23. Jones's ratification of the unconstitutional shooting of Thomas was not an isolated act of ratification. In particular, Sheriff Jones has personally ratified as proper and fully consistent with department policies at least two other police shootings that later resulted in civil verdicts returned against the deputies in the Eastern District of California for civil rights violations based on the deputies' shootings in those civil cases. Those cases are *Reese v. County of Sacramento* (2:13-cv-00559) and *Rose v. County of Sacramento* (2:13-cv-01339).

24. Sheriff Jones has testified that he personally involved himself in the so-called Internal Affairs review of the shooting at issue in *Rose v. County of Sacramento* by talking to involved individuals before endorsing the shooting by finding it was proper and consistent with policy. There were no significant additional facts that came to light prior to or during trial in *Rose v. County of Sacramento* that were not also apparent at the time of Sheriff Jones's review. In other words, Jones was personally aware of the same facts that a jury determined showed an unconstitutional use of force; Jones, however, determined, as he does in every intentional shooting, that the use of force was proper and consistent with department policy.

///

///

# VII. CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION
**Unreasonable Seizure/Excessive Force**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. §1983)**
*(Against Defendant Russell)*

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24, as though fully set forth herein.

26. The actions of Defendant Russell, as alleged herein, interfered with the exercise and enjoyment of plaintiff's civil rights as guaranteed by the Fourth Amendment to the U.S. Constitution. Specifically, defendant interfered with plaintiff's rights when defendant shot plaintiff who was unarmed and in his own home, under circumstances where plaintiff did not pose an immediate risk of threat to anyone, and there was no objectively reasonable justification for the use of deadly force.

27. As a direct and proximate result of said acts and/or omissions by defendant, plaintiff suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, humiliation, emotional distress and other injuries.

28. The aforementioned acts and/or omissions of Defendant Russell were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of punitive damages against Defendant Russell.

## SECOND CAUSE OF ACTION
**Unreasonable Seizure/Excessive Force**
**(Violation of the Cal. Constitution Art. I §§ 1, 7, 13 and Cal. Civil Code § 43:**
**Actionable under Cal. Civil Code § 52.1(b)/Bane Act)**
*(Against Defendants County of Sacramento and Russell)*

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28, as though fully set forth herein.

30. The actions of Defendants County of Sacramento and Russell, as alleged herein, interfered with the exercise and enjoyment of plaintiff's civil rights as guaranteed by Article I §§ 1, 7 and 13 of the California Constitution. Specifically, defendant interfered with plaintiff's rights when defendant intentionally shot plaintiff who was unarmed and in his

own home, under circumstances where plaintiff did not pose an immediate risk of threat to anyone and there was no objectively reasonable justification for the use of deadly force.

31. Russell's actions constituted an excessive use of force, a violation of plaintiff's right to bodily integrity, and further interfered with plaintiff's personal rights as guaranteed by § 43 of the California Civil Code.

32. The County of Sacramento is vicariously liable for the conduct of its agents, all individual defendants named herein.

33. As a direct and proximate result of said acts and/or omissions by Defendants County of Sacramento and Russell, plaintiff suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, humiliation, emotional distress and other injuries.

34. The violations of plaintiff's rights as guaranteed by Civil Code § 52.1 (Bane Act) entitles plaintiff to compensatory and punitive damages against Deputy Russell, and attorney fees, all of which are provided for in Civil Code §§ 52.1(b) and 52, and are requested below.

35. The aforementioned acts and/or omissions of Defendant Russell were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights as secured by Civil Code § 52.1, thereby entitling plaintiff to an award of punitive damages against Defendant Russell pursuant to Civil Code § 52(b)(1).

### THIRD CAUSE OF ACTION
**Individual Liability/Ratification**
**(Actionable under 42 U.S.C. § 1983)**
(*Against Defendants County of Sacramento and Sheriff Jones, individually*)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35, as though fully set forth herein.

37. The aforementioned acts of Defendant Russell as alleged herein, including but not limited to shooting plaintiff who was unarmed and in his own home, under circumstances where plaintiff did not pose an immediate risk of threat to anyone and there was no objectively reasonable justification for the use of deadly force, occurred as a result of Defendant Sheriff Jones's ratification of prior unlawful shootings by Sheriff Jones's

subordinates. Sheriff Jones's repeated ratification of unlawful shootings by sheriff's deputies has deprived plaintiff of his rights under the United States Constitution as set forth herein.

38.  In addition, Sheriff Jones became personally aware of the specific details of the unlawful shooting of plaintiff as alleged herein in that pursuant to Sacramento County Sheriff's Department policy, the circumstances of the shooting were presented to the executive staff of the Sheriff's Department at the executive staff meeting which was presided over by Sheriff Jones.

39.  Sheriff Jones knew or should have known that this shooting was unlawful and that it violated plaintiff's constitutional rights. Instead of disciplining Deputy Russell, Jones specifically approved, tolerated and ratified his conduct in shooting plaintiff by determining the shooting was reasonable, justified and within policy. Sheriff Jones took no action as to disciplining Deputy Russell or initiating any kind of needed policy change or additional training.

40.  As a direct and proximate result of the aforementioned actions of defendants, plaintiff suffered injuries and damages as alleged herein.

41.  The aforementioned acts and/or omissions of Sheriff Jones were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of punitive damages against Sheriff Jones.

### FOURTH CAUSE OF ACTION
**Battery – California State Law**
*(Against Defendants County of Sacramento and Russell)*

42.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41, as though fully set forth herein.

43.  The conduct of Defendant Russell, as alleged herein, including but not limited to defendant's actions of shooting plaintiff who was unarmed and in his own home, under circumstances where plaintiff did not pose an immediate risk of threat to anyone and there was no objectively reasonable justification for the use of deadly force, constituted a battery.

44.  Said conduct was a proximate cause of plaintiff's damages and injuries as alleged herein.

45. The County of Sacramento is vicariously liable for the conduct of its agents, including Defendant Russell.

46. The aforementioned acts and/or omissions of Deputy Russell were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of punitive damages against Deputy Russell.

**FIFTH CAUSE OF ACTION**
**Negligence – California State Law**
*(Against Defendants County of Sacramento and Russell)*

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46, as though fully set forth herein.

48. On June 13 2017, plaintiff was owed a duty of care by each defendant.

49. On the same date, defendants breached the duty of care owed to plaintiff in that defendants negligently caused plaintiff's injury, harm and damage.

50. In particular, Defendant Russell breached his duty of care by shooting the unarmed Thomas who did not present as an immediate threat to Defendant Russell or any other person.

51. As a direct and proximate result of the foregoing, plaintiff has suffered, and continues to suffer, mental and emotional distress and is entitled to and demands damages against defendants jointly and severally, including, but not limited to general damages.

52. The County of Sacramento is vicariously liable for the conduct of its agents, including Defendant Russell.

**VIII. PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For compensatory, general, pecuniary, economic, non-economic, non-pecuniary and special damages against each defendant, jointly and severally, in the amount proven at trial;

2. For punitive and exemplary damages against each non-governmental individual who is a named defendant in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

3.  For costs and reasonable attorneys' fees pursuant to 42 U.S.C. section 1988, California Code of Civil Procedure section 1021.5, California Civil Code section 52.1 and as otherwise authorized by statute or law;

4.  For such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

Dated:  July 26, 2018                    Respectfully submitted,

                                                /s/ Stewart Katz
                                                STEWART KATZ
                                                Attorney for Plaintiff

## **DEMAND FOR TRIAL BY JURY**

Plaintiff Kenard Thomas hereby demands trial by jury.

Dated:  July 26, 2018                    /s/ Stewart Katz
                                                STEWART KATZ
                                                Attorney for Plaintiff