**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678
Attorney for Plaintiff

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Barakah M. Amaral, SBN 298726
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706
Attorneys for Defendants
COUNTY OF SACRAMENTO, SCOTT JONES, and NICHOLAS RUSSELL

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENARD THOMAS, | No. 2:18-cv-02048 JAM DB |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| COUNTY OF SACRAMENTO; SCOTT JONES; and NICHOLAS RUSSELL, | |
| Defendants. | |

IT IS HEREBY STIPULATED by, among and between the parties to the above-captioned action through their counsel of record, that the documents described herein may be designated as "Confidential" and produced subject to the following Protective Order:

///

///

1. Categories of documents described as follows:

   (a) Medical, Mental Health and School Records of any Person, including any Psychological Evaluations or Re-Evaluations

   (b) Employment Applications

   (c) Job Performance Evaluations

   (d) Personnel Action Forms

   (e) Pay Information

   (f) Next of Kin Notifications

   (g) Records of alleged misconduct, including investigation into such allegations and any discipline imposed. This includes but is not limited to Internal Affairs Complaints and the Investigation of those Complaints (apart from any Investigations of Thomas's shooting)

   (h) Financial Information of Any Individual

2. The portions designated as confidential contain information not available to the public and a Court approved protective order is appropriate pursuant to Local Rule 141.1 because there are certain relevant documents that contain private information.

3. The disclosed documents shall be used solely in connection with the civil action of Thomas v. County of Sacramento, et al., Case No. 2:17-CV-02048-JAM-DB (USDC EDCA) and in the preparation and trial of the cases, or any related proceeding. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

4. A party may only designate as "Confidential" a document which it has determined in good faith to be: (a) confidential or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, such that third parties would be required to maintain the information in confidence. By

designating a document or portion thereof as "Confidential," the party making the designation avers that it can and would make a showing to the Court sufficient to justify entry of a protective order covering that document or portion thereof under Federal Rule of Civil Procedure 26 and Eastern District of California Local Rule 141.1.

5. A party producing the documents and materials described herein may designate those materials as confidential by affixing a mark labelling them "Confidential" provided that such marking does not obscure or obliterate the content of any record. If any confidential materials cannot be labelled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

6. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

7. Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

(a) All counsel of record and attorneys in the offices of counsel for any of the Defendants in this action;

(b) All counsel of record, and attorneys in the offices of counsel for Plaintiff in this action;

(c) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reports or videographers retained in connection with this action;

(d) Any expert, consultant, or investigator retained in connection with this action;

(e) Witnesses during their depositions in this action; and,

(f) The parties to this action.

8. Prior to the disclosure of any Confidential information to any person identified in paragraph 7 and it sub-parts each such recipient of Confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read. Upon reading this Protective Order, such person shall acknowledge in writing as follows:

> I have read the Protective Order that applies in <u>Thomas v. County of Sacramento, et al.,</u> Case No. 2:18-CV-02048-JAM-DB (USDC EDCA) and shall abide by its terms. I consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation in any proceeding for contempt.

9. The following procedures shall be utilized by the parties making copies of documents designated as "Confidential":

(a) The producing party shall provide one copy of the Confidential documents to the receiving party.

(b) The receiving party shall not furnish, disclose, or otherwise divulge any Confidential documents to any source, except those persons identified in Paragraph 7 herein, without further order of the Court or authorization from counsel for the producing party.

(c) If any document designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The court reporter will be directed to bind those portions of the transcript that contain discussion of the contents of the Confidential documents separately. The cover of any portion of a deposition transcript that contains testimony or documentary evidence that has been designated Confidential, including exhibits designated as "Confidential," will be marked: CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

///

///

10. Should any documents designated "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive the documents under this Protective Order, the disclosing person(s) shall promptly: (a) inform the producing party of the recipient(s) and the circumstances of the unauthorized disclosure, and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No document shall lose its Confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

11. The Confidential Material produced pursuant to this Order will be redacted with respect to any purely confidential identifying personal and family information. Contact information regarding any witnesses or interviewees shall not be redacted.

12. If Plaintiff or Defendants intend to use Confidential Material in a Court filing, at least seven (7) days' notice shall be given to all parties identifying the Confidential Material that the party intends to utilize. In the event that a party believes that the Confidential Material intended to be used should be filed under seal, then it shall be the burden of the party desiring that the material be filed under seal to make that request to the Court. Plaintiff and Defendants shall comply with the requirements of Eastern District Local Rule 141. The Parties agree a request to file under seal or remove the designation of Confidential Information may be heard on shortened time and/or by telephone conference under the applicable sealing standard.

13. This order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document.

14. Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

STIPULATION AND PROTECTIVE ORDER

15. After the conclusion of this litigation, all Confidential documents will remain confidential. All documents produced pursuant to this Protective Order shall be destroyed or returned to counsel for the producing party in a manner in which counsel will be able to reasonably verify that all documents were returned. All parties agree to ensure that Confidential documents disclosed to other persons shall be destroyed or returned to counsel for the producing party. "Conclusion" of this litigation means a termination of the action following a trial (or any subsequent appeal) or settlement, and final entry of an order, judgment, or decree terminating this action.

16. During the pendency of this lawsuit, the Court may (a) make such amendments, modifications and additions to this Protective Order as it may deep appropriate upon good cause shown; and (b) adjudicate any dispute arising under it.

**IT IS SO STIPULATED.**

Respectfully submitted,

Dated: December 11, 2018

LAW OFFICE OF STEWART KATZ

By: /s/ Stewart Katz
STEWART KATZ
Attorney for Plaintiffs


Dated: December 11, 2018

PORTER SCOTT
A PROFESSIONAL CORPORATION

By: /s/ Carl L. Fessenden
CARL L. FESSENDEN
BARAKAH M. AMARAL
Attorneys for Defendants

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and

proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

Dated:  December 13, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\hill1604.stip.prot.ord