**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENARD THOMAS,<br><br>            Plaintiff-Appellant,<br><br>   v.<br><br>COUNTY OF SACRAMENTO; SCOTT JONES; NICHOLAS RUSSELL,<br><br>            Defendants-Appellees. | No.   20-16443<br><br>D.C. No.<br>2:18-cv-02048-JAM-DB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted October 5, 2021
San Francisco, California

Before: THOMAS, Chief Judge, and CLIFTON and FRIEDLAND, Circuit Judges.

Kenard Thomas brought a lawsuit under 42 U.S.C. § 1983 against Sacramento County deputy Nicholas Russell alleging that Russell used excessive force in violation of the Fourth Amendment by shooting Thomas during the search of a home. Russell successfully moved for summary judgment on the basis of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

qualified immunity.  We reverse.

To resolve questions of qualified immunity at summary judgment, we must view the evidence in the light most favorable to the nonmovant.  *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam) ("Our qualified-immunity cases illustrate the importance of drawing inferences in favor of the nonmovant, even when, as here, a court decides only the clearly-established prong of the standard."); *see also Kisela v. Hughes*, 138 S. Ct. 1148, 1150-51 (2018) (per curiam).

Viewing the evidence in the light most favorable to Thomas requires assuming that Russell shot Thomas while he was slowly emerging from a closet with his hands by his ears in response to police commands to show himself.  Russell testified that the deputies gave Thomas multiple commands to come out of the closet and—presumably in response—Thomas came out.  Thomas testified that he emerged "calmly" and "really slow[ly]," with his hands up and by his ears.  Given evidence that the room was lit, that Russell's weapon-mounted light was directed at Thomas, and that Thomas's hands were right by his face, a jury could reasonably conclude that Russell saw Thomas stepping out of the closet with his hands at his ears, apparently surrendering.  *See Ting v. United States*, 927 F.2d 1504, 1511 (9th Cir. 1991).  It is undisputed that, when Thomas emerged, Russell immediately shot him.  Viewing the record in the light most favorable to Thomas, Russell had little reason to believe Thomas might be armed with a gun, and the

deputies were looking for him to serve a restraining order—not to arrest him for any crime, let alone a serious one.

Assuming that version of the facts, Russell's actions violated clearly established law. For example, in *A. K. H. ex rel. Landeros v. City of Tustin*, 837 F.3d 1005 (9th Cir. 2016), we held that the police cannot quickly escalate to deadly force when they have little prior information indicating that a suspect is armed, the suspect has not committed a serious crime, and the suspect acts in a manner that can be interpreted as consistent with police orders—even when an officer and the suspect are in very close quarters and even when the suspect's actions could also be interpreted as threatening. *Id.* at 1010-12; *see also Espinosa v. City and County of San Francisco*, 598 F.3d 528, 538 (9th Cir. 2010) (holding that a person who has not been accused of a crime, poses no threat to the public, and has not brandished, spoken of, or threatened to use a weapon has a right to be free from deadly force, even if there is some risk of harm and even if the police confront the individual in a small, enclosed area with limited visibility). Relatedly, it was also clearly established that an individual has a right to be free from deadly force unless he reaches for his waistband, points a weapon in his possession at the police, or makes a similarly threatening gesture indicating that he is an immediate threat to the police or the public. *See, e.g.*, *Cruz v. City of Anaheim*, 765 F.3d 1076, 1078-79 (9th Cir. 2014); *George v. Morris*, 736 F.3d 829, 838-39 (9th Cir. 2013).

**REVERSED.**